Filed 4/22/13  Diamond Blue Enterprises v. Gemini Ins. Co. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DIAMOND BLUE ENTERPRISES, LLC et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> GEMINI INSURANCE COMPANY, <br><br> Defendant and Appellant. | B244426 <br><br> (Los Angeles County <br> Super. Ct. No. BC 488022) |

APPEAL from an order of the Superior Court of Los Angeles County, Joanne O'Donnell, Judge.  Affirmed.

Charlston, Revich & Wollitz, Howard Wollitz and Lisa Kralik Hansen for Defendant and Appellant.

Franceschi Law Corporation and Ernest J. Franceschi, Jr., for Plaintiffs and Respondents.

* * * * * *

The sole issue on appeal is whether a dispute regarding an insurer's failure to reimburse its insured for expenses incurred in litigation falls within the scope of a contractual arbitration provision. The contractual provision requires the insured and insurer arbitrate disputes over "whether coverage is provided." We conclude a dispute over the failure to reimburse is related to coverage, but the two concepts are not the same. We therefore affirm the trial court's denial of the insurer's motion to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

Respondents Diamond Blue Enterprises, LLC, Tyrone Byrd and Don Byrd filed a complaint against defendants Murchison & Cumming, LLP, Michael McEvoy, Continental Insurance Company and Gemini Insurance Company (Gemini), the only appellant. The only causes of action asserted against Gemini were for breach of insurance contract and breach of the implied covenant of good faith and fair dealing.

The gravamen of those causes of action was that Gemini refused to defend respondents as required under the policy and refused to reimburse respondents for their cost of defense. According to the complaint, Gemini eventually took over the defense of a lawsuit against respondents, but at the time Gemini began defending respondents, they had already incurred $383,805 in expenses and attorney fees.

The parties' contract contains the following binding arbitration provision on a preprinted form that was unilaterally drafted by Gemini:

"This endorsement modifies insurance provided under the following:

"COMMERCIAL GENERAL LIABILITY COVERAGE PART
"ELECTRONIC DATA LIABILITY COVERAGE PART
"LIQUOR LIABILITY COVERAGE PART
"OWNERS AND CONTRACTORS PROTECTIVE LIABILITY
COVERAGE PART
"POLLUTION LIABILITY COVERAGE PART
"PRODUCTS/COMPLETED OPERATIONS LIABILITY
COVERAGE PART
"PRODUCT WITHDRAWAL COVERAGE PART
"RAILROAD PROTECTIVE LIABILITY COVERAGE PART
"UNDERGROUND STORAGE TANK POLICY

2

"If we and the insured do not agree *whether coverage is provided* under this Coverage Part for a claim made against the insured, then either party may make a written demand for arbitration.

"When this demand is made, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

"1. Pay the expenses it incurs; and

"2. Bear the expenses of the third arbitrator equally.

"Unless both parties agree otherwise, arbitration will take place in the county or parish in which the address shown in the Declarations is located. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding." (Italics added.)

Based on the foregoing arbitration provision, Gemini moved to compel arbitration. The trial court denied the motion, finding that a dispute regarding Gemini's duty to defend did not fall within the contractual arbitration provision.

## DISCUSSION

### 1. *Standards of Review and Legal Principles*

"'[I]nterpretation of an insurance policy is a question of law. [Citation.] The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it.' [Citation.] 'The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the "mutual intention" of the parties. "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. [Citation.] Such intent is to be inferred, if possible, solely from the written provisions of the contract. [Citation.] The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' [citation], controls judicial interpretation. [Citation.]" [Citations.]'" (*In re Ins. Installment Fee Cases* (2012) 211 Cal.App.4th 1395, 1409.)

3

The present case involves the interpretation of an arbitration provision, which has special rules governing its construction. "California courts have uniformly acknowledged that there is a strong public policy in favor of arbitration. [Citations.] Thus, 'doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration. [Citations.]' [Citation.]" (*Suh v. Superior Court* (2010) 181 Cal.App.4th 1504, 1512.) Nevertheless, the scope of an arbitration provision depends on the parties' agreement. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 8.) "[P]arties can only be compelled to arbitrate only when they have agreed to do so." (*Mission Viejo Emergency Medical Associates v. Beta Healthcare Group* (2011) 197 Cal.App.4th 1146, 1153.)

## 2. The Ordinary Meaning of the Arbitration Provision Does Not Include a Dispute Regarding Gemini's Duty to Defend

Gemini contends that "'whether coverage is provided' necessarily encompasses whether a duty to defend is owed." According to Gemini, the "duty to defend is not something different from coverage." We are not persuaded.

Coverage in the insurance context denotes risks covered by an insurance plan. The term "coverage" is commonly defined as "protection by insurance policy" or "inclusion within the scope of a protective beneficial plan . . . against liability claims." (Webster's 3d New Internat. Dict. (2005) p. 525.) This commonly understood meaning of coverage delimits types of risks covered under the insurance.

The parties' policy uses "coverage" in its commonly understood manner, i.e., to establish the parameters of the kinds of risk covered by the insurer. For example, the general liability coverage form identifies three types of coverage. There is coverage for (1) bodily injury and property damage; (2) personal and advertising injury liability; and (3) medical payments. These are types of risk for which Gemini agreed to insure its insured. In addition to defining and limiting coverage, the policy separately defines and limits Gemini's duty to defend. The duty to defend is triggered if a third party sues the insured seeking damages for a covered risk, but is not triggered if the lawsuit seeks

4

damages for a risk "to which this insurance does not apply."**1** Under the terms of the policy, coverage defines the risks and the duty to defend is triggered by the scope of coverage. Thus, the duty to defend and coverage are related but not synonymous.

In addition to the policy, legal obligations owed by an insurer to its insured distinguish a duty to defend from coverage. "'[A]n insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement. [Citations.]' [Citation.]" (*Palp, Inc. v. Williamsburg National Ins. Co.* (2011) 200 Cal.App.4th 282, 288-289.) "The insurer must defend any claim that would be covered if it were true, even if it is 'groundless, false or fraudulent.' [Citation.]" (*Id*. at p. 289.) Thus, there may ultimately be no coverage for a claim even though the insurer has an obligation to defend the claim. (*Ibid*.) The duty to defend and the duty to indemnify (provide coverage) are "not 'coterminous'"; the Supreme Court has explained they differ in their "triggering," in their "substance," and in their "scope." (*Certain Underwriters at Lloyd's of London v. Superior Court* (2001) 24 Cal.4th 945, 958.)

The duty to defend may be broader than the duty to indemnify (*Certain Underwriters at Lloyd's of London v. Superior Court*, *supra*, 24 Cal.4th at p. 958) and, therefore, it may be logical to presume the arbitration clause was meant to include disputes over the broader duty to defend as it expressly includes the more limited duty to cover a loss. But our inquiry here is to determine what the parties intended by their contract, and we are in no position to make assumptions about whether the parties intended the arbitration clause to apply to a dispute over the duty to defend. The arbitration clause is ambiguous as to whether it was meant to apply to a dispute over the duty to defend, and ambiguities in an arbitration agreement, like any other contract, are

---

**1**     With respect to bodily injury and property damage liability, the policy states, Gemini "will have the right and duty to defend the insured against any 'claim' or 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

5

resolved against the party that drafted the agreement. (*Victoria v. Superior Court* (1985) 40 Cal.3d 734, 747.)

Although hypothetically a broad arbitration provision may cover an insurer's duty to defend, the narrow arbitration provision in the parties' contract did not include respondents' claims against Gemini.[2] Because the dispute concerning Gemini's duty to defend its insured did not fall within the scope of the arbitration provision, the trial court properly denied Gemini's motion to compel arbitration.

## DISPOSITION

The order denying Gemini's motion to compel arbitration is affirmed. Respondents are entitled to costs on appeal.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

---

[2] For example, a leading treatise suggests that the following arbitration clause may encompass bad faith claims:  "*Disputes of any kind* which relate to or arise out of the handling or payment of claims, or the conduct of the company or any of its agents or employees in connection with such; including claims to all damages of any nature whatsoever, whether compensatory, statutory, or punitive, and whether based on contract, tort, statutory violation or other theory of recovery." (Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2012) ¶ 12:1276, p. 12D-31.)